UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ADELA PEREZ REYES,             )
                                        )
            Petitioner,       )
                                        )
v.                                )  No. 4:25-cv-00239-SEB-KMB
                                        )
PAM BONDI US Attorney General, *et al.*,  )
                                        )
            Respondents.    )

**ORDER GRANTING PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Adela Perez Reyes is a noncitizen who entered the United States without inspection. Dkt. 1 at 2. On October 16, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Ms. Perez Reyes in Chicago, Illinois. *Id*. She now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1.

For the reasons explained below, the Court **grants** the petition to the extent that **no later than 5:00 p.m. on January 2, 2026, Respondents must either**: (1) afford Ms. Perez Reyes an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release her from custody, under reasonable conditions of supervision.

## I.      Background

Ms. Perez Reyes is a native of Mexico who entered the United States without inspection in December 2023. Dkt. 1 at 2. On October 16, 2025, she was detained by ICE along with her U.S. citizen daughter, who was held for five hours before being released. *Id*.

The government initiated removal proceedings under 8 U.S.C. § 1229, and on November 11 served Ms. Perez Reyes with a Notice to Appear before the immigration court on December 15. Dkt. 1-2 at 2. The Notice to Appear charges her with inadmissibility under § 212(a)(6)(A)(i)

1

of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."] and § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I) as alien "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title."] Dkt. 1-2 at 4. The "arriving alien" checkbox is unmarked. *Id*. at 2.

Ms. Perez Reyes was subsequently transferred to Clark County Jail in Jeffersonville, Indiana, where she remains detained. *See* U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (search reflecting that Ms. Perez Reyes is still housed at the Clark County Jail as of December 29, 2025).

On December 1, 2025, Ms. Perez Reyes filed this writ of habeas corpus arguing that Respondents are unlawfully detaining her under 8 U.S.C. § 1225(b)(2)(A) in violation of the Immigration and Nationality Act (Count I) and Fifth Amendment to the U.S. Constitution (Count II). Dkt. 1 at 13-14. She argues that her detention without opportunity for bond under 8 U.S.C. § 1225 is contrary to law and that her continued detention without an opportunity for a bond hearing violates her Constitutional Due Process rights under the Fifth Amendment. *Id*.

## II.    Discussion

Ms. Perez Reyes raises claims for relief under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment of the United States Constitution. Dkt. 1 at

13-14. She requests immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) and other relief. *Id.* at 15.

Respondents argue that Ms. Perez Reyes' petition is premature because she has not sought relief before an immigration judge or the Board of Immigration Appeals ("BIA"). Dkt. 10. And, even if the Court finds exhaustion is not required, Respondents contend that Ms. Perez Reyes is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2). *Id.*

### A. Exhaustion

When she filed her petition, Ms. Perez Reyes had not yet appeared before an immigration judge, though she was scheduled to appear on December 15.[1] Dkt. 1-2 at 2.

Respondents argue that, as a result, the instant petition is premature because Ms. Perez Reyes has not exhausted all available administrative remedies. Ms. Perez Reyes argues that any attempt to exhaust her administrative remedies would be futile because an immigration judge would deny her request for a bond hearing under the BIA decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that immigration judges do not have the authority to hold a bond hearing where the moving noncitizen entered the country without inspection. Instead, such individuals are subject to the mandatory detention under § 1225. Because Ms. Perez Reyes entered the country without inspection, if she were to move for a bond hearing, an immigration judge would be required to decline jurisdiction over the issue and not conduct a bond hearing.

There is no statutory requirement that Petitioner move for a bond hearing before an immigration judge before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other

---

[1] There is no evidence in the record indicating that Ms. Perez Reyes requested a bond determination at the hearing or was provided a bond hearing under § 1226 during the December 15 hearing.

district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Ms. Perez Reyes was not required to exhaust administrative remedies because doing so would be futile.

### B.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S.  281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011). Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and
(2) may release the alien on—
(A) bond . . . ; or
(B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or

release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that

aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583

U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing,

the noncitizen "may secure [her] release if [she] can convince the officer or immigration judge that

[she] poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–

98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d

976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the

Immigration Judge . . . that he or she does not present a danger to persons or property, is not a

threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N.

Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain

other aliens who have not been admitted or paroled" and provides that immigration officers *shall*

order certain noncitizens removed without further hearing or review unless the noncitizen indicates

an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged

in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or

1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." In relevant part, it provides

that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer

determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be

admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C.

§ 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**C. Ms. Perez Reyes Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Ms. Perez Reyes is eligible for a bond hearing under § 1226(a).

Respondents argue that Ms. Perez Reyes is subject to the broader "catchall provision" in § 1225(b)(2) because she is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 10 at 7-10.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, 2:25-cv-00554-JPH-MJD, dkt. 16 at 8−11 (S.D. Ind. Nov. 21, 2025); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *8-*10 (7th Cir. Dec. 11, 2025) (applying the reasoning adopted by this Court). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Alejandro*, 2025 WL 2896348, at *14-19. Respondents have cited no binding precedent to the contrary. In *Mendoza-*

6

*Loera*, 2:25-cv-00554-JPH-MJD, the Court found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise unpersuasive.

The Court concludes that Ms. Perez Reyes is entitled to a bond hearing under § 1226, and it declines to reach her other arguments.

### III.    Scope of Relief

Ms. Perez Reyes is entitled to habeas relief because her continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Ms. Perez Reyes requests immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

However, the Court finds that it would not be in the interests of justice to order Ms. Perez Reyes' immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a).

### IV.    Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on January 2, 2025, Respondents must either**: (1) provide Ms. Perez Reyes with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); or (2) release her from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on January 5, 2026**, Respondents

must file a notice with the Court certifying that they have complied with the Court's order. The

**clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 12/29/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record